The opinion of the Court was delivered by
O’Neall, J.
This vexed case has at last reached a point at which we can end the controversy.
The various grounds, except the fifth and sixth, are either re-agitations of matters of fact, on which the Court has so often passed, that it cannot be expected that anything should now be said, or, are so frivolous, that the zealous counsel has not pressed ' them.
In the 5th and 6th grounds there is nothing which can affect the verdict.
The witness, Littlejohn, was asked what was the value of James K. Means’s land, which he had received from his father. He said, $10 per acre. Being asked how many acres it contained, he answered that Samuel Means told him 600 acres. This was objected to. The Judge let it go to the jury as the witness’s standard of value. There was. nothing improper in this, for at last it was only the witness’s opinion, that the land was worth six thousand dollars. The appellants could not have been injured by it, for they tell us in their ground that there were only 492 acres. Having the best evidence in their own power of this fact, the deed, they could and did correct it.
The matter about the deed from J ames Means to Joseph Foster is easily explained. It was not introduced to prove title, but as an instance of mis-spelling his own name by the testator, like that which occurred in signing the will. On such a collateral matter, slight proof, such as Johnson’s belief that it was his writing, is enough.
It was purely a matter of discretion with the Judge, whether he suffered the paper to be taken out by the jury or not.
After having thus remarked on these grounds, more out of respect for the learned counsel than anything else, I will add, that if the decision of the Judge had been wrong on both, they could not have affected the case; for they were perfectly immaterial to the issue, and could not have had the slightest effect on the verdict.
The motion is dismissed.
*536 Wardlaw, Withers, Whitner and Glover, JJ., concurred.

Motion dismissed.